UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROSETTA M. HALL,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-4324-17-0097-I-1 |
| v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　Agency. | DATE: April 21, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rosetta M. Hall, Florissant, Missouri, pro se.

Patricia Del Vecchio, Saint Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1 　　　The appellant has filed a petition for review of the initial decision, which found that she failed to make a prima facie case that the agency discriminated against her based on her military service and denied her request for corrective

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's assertions of discovery and adjudicatory error are unavailing.

In her petition for review, the appellant alleges that the agency was not responsive to her interrogatories and requests for documents during discovery. Petition for Review (PFR) File, Tab 1 at 5-7. She also asserts that the administrative judge did not allow her to present evidence regarding two additional nonselections, *id.* at 4, improperly denied her a witness, *id.* at 9, and improperly heard evidence through a telephonic hearing, *id.* at 7. She contends further that the vacancy announcements do not describe how the rating procedures are used to help determine the best qualified candidates or how veterans are to apply for special hiring authorities and disagrees with the agency's scoring and ranking methods. *Id.* at 14-22.

The appellant filed a motion to compel below, asserting that the agency had failed to produce fully responsive answers to her discovery requests, despite its

obligation to do so and her good faith attempts to resolve this matter. Initial Appeal File (IAF), Tab 11. The administrative judge granted the motion in part, ordering the agency to respond to some requests for admissions, to provide the appellant access to her electronic official personnel folder, and to respond in detail to specific interrogatories. IAF, Tab 19. Nothing in the record suggests that the parties continued to have disputes regarding discovery after the administrative judge issued that order. The appellant filed no further objections stating what, if any, discovery she still had not received. Additionally, in the summary of prehearing conference, the administrative judge stated that the parties report no outstanding discovery issues. IAF, Tab 27 at 6.

¶4        The summary of the prehearing conference also identified the five positions at issue, the approved and disapproved witnesses, and the issues to be adjudicated; it additionally specified that the hearing would be telephonic. *Id.* at 1-3, 5-7. The administrative judge further stated that any objections to the summary must be filed in writing within 7 days of the order. *Id.* at 7. The appellant did not timely object to the summary, and her failure to do so precludes her from raising on review any objection regarding discovery, vacancies to be addressed in the initial decision, denial of witnesses, and the method of conducting the hearing. *See McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (finding that the appellant's failure to timely object to rulings during the hearing precludes her from doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that the appellant's failure to timely object to the administrative judge's rulings on witnesses precludes her from doing so on petition for review).

The administrative judge properly denied the appellant's request for corrective action.

¶5        The appellant's petition for review generally challenges the administrative judge's findings that the appellant failed to prove a violation of the Uniformed

Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335). We have considered the appellant's challenge to these findings, and because we discern no error in the administrative judge's initial decision regarding these matters, we will not disturb them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] On June 18, 2018, the appellant filed a "Motion to Accept Additional Information." PFR File, Tab 6. The appellant has not shown that the additional evidence that she seeks to submit is of sufficient weight to warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). Thus, we deny the appellant's motion.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.